IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| DAVID A. REA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | CIVIL NO. 11-872-GPM |
| ) | |
| ILLINOIS DEPARTMENT OF ) | |
| CORRECTIONS, ) | |
| ) | |
| Defendant. ) | |

# MEMORANDUM AND ORDER

**MURPHY, District Judge:**

This matter is before the Court on a motion to dismiss for failure to state a claim upon which relief can be granted brought by Defendant Illinois Department of Corrections ("IDOC") (Doc. 7). According to the allegations of the pro se complaint of Plaintiff David A. Rea, Rea is a former IDOC employee who was terminated by IDOC in May 2011 while he was working as a prison guard at the Centralia Correctional Center ("Centralia"), allegedly for writing a note to a prisoner at Centralia, an act prohibited by IDOC rules. Rea alleges that he was terminated on account of his gender, in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq*. Rea alleges that a female prison guard at Centralia, Christina Davenport, also wrote a note to a prisoner at Centralia, but was not terminated by IDOC for this conduct. Rea alleges that he has exhausted his administrative remedies as a predicate to bringing suit under Title VII by filing a timely charge of discrimination with the Equal Employment Opportunity Commission ("EEOC"), as of course a Title VII plaintiff is required to do. *See Zipes v. Trans World Airlines, Inc.*, 455 U.S. 385, 393 (1982); *Alexander v. Gardner-Denver Co.*, 415 U.S. 36, 47 (1974); *Sauzek v. Exxon Coal*

*USA, Inc.*, 202 F.3d 913, 920 (7th Cir. 2000); *Cheek v. Western & S. Life Ins. Co.*, 31 F.3d 497, 500 (7th Cir. 1994); *Stearns v. Consolidated Mgmt., Inc.*, 747 F.2d 1105, 1111 (7th Cir. 1984). Rea received a right-to-sue letter from the EEOC on August 16, 2011, so that this suit, filed September 26, 2011, is timely. *See* 42 U.S.C. § 2000e-5(f)(1); *St. Louis v. Alverno Coll.*, 744 F.2d 1314, 1316 (7th Cir. 1984).[1]

As an initial matter, the Court notes the standard under which it must evaluate the instant motion to dismiss. In considering a motion to dismiss for failure to state a claim upon which relief can be granted, the Court accepts all well-pleaded allegations in a plaintiff's complaint as true. *See* Fed. R. Civ. P. 12(b)(6); *Cleveland v. Rotman*, 297 F.3d 569, 571 (7th Cir. 2002); *Whitwell v. Wal-Mart Stores, Inc.*, Civil No. 09-513-GPM, 2009 WL 4894575, at *2 (S.D. Ill. Dec. 11, 2009); *S.C. Johnson & Son, Inc. v. Buske*, Civil No. 09-286-GPM, 2009 WL 3010833, at *8 (S.D. Ill. Sept. 17, 2009). The purpose of a Rule 12(b)(6) motion is to decide the adequacy of the complaint, not to determine the merits of the case. *See Gibson v. City of Chicago*, 910 F.2d 1510, 1520 (7th Cir. 1990); *Wooden v. Barone*, No. 06-CV-790-JPG, 2007 WL 2481170, at *2 (S.D. Ill. Aug. 29, 2007) *Brown v. SBC Commc'ns, Inc.*, No. 05-cv-777-JPG, 2007 WL 684133, at *2 (S.D. Ill. Mar. 1, 2007). A complaint should not be dismissed unless it either fails to provide adequate notice – as has been required consistently under Rule 8 of the Federal Rules of Civil Procedure – or does not contain "enough facts to state a claim to relief that is plausible on its face," that is, the claim has not been "nudged . . . across the line from conceivable to plausible[.]"

---

1. It should be noted that IDOC, although an agency of the State of Illinois, is amenable to suit under Title VII in federal court. *See Fitzpatrick v. Bitzer*, 427 U.S. 445, 455-56 (1976) (the Eleventh Amendment does not bar suits for monetary damages for employment discrimination under Title VII); *Merheb v. Illinois State Toll Highway Auth.*, 267 F.3d 710, 711 (7th Cir. 2001) ("[T]here is no Eleventh Amendment immunity to suits under Title VII[.]").

*Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). *See also Airborne Beepers & Video, Inc. v. AT & T Mobility LLC*, 499 F.3d 663, 667 (7th Cir. 2007). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the . . . grounds . . . of his . . . entitlement to relief . . . requires more than labels and conclusions, and a formulaic recitation of a cause of action's elements will not do." *James v. Illinois Sexually Dangerous Persons Act*, Civil No. 09-40-GPM, 2009 WL 2567910, at *2 (S.D. Ill. Aug. 19, 2009) (quoting *Bell Atl. Corp.*, 550 U.S. at 555) (brackets omitted). For purposes of a Rule 12(b)(6) motion, the allegations of a pro se complaint are to be liberally construed. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Jones v. Phipps*, 39 F.3d 158, 163 (7th Cir. 1994).

To establish a prima facie case of gender discrimination under Title VII, Rea must establish the following elements: (1) he is a member of a protected class; (2) he was meeting his employer's legitimate performance expectations; (3) he suffered an adverse employment action; and (4) he was treated less favorably than similarly-situated individuals who are not members of his protected class. *See Barricks v. Eli Lilly & Co.*, 481 F.3d 556, 559 (7th Cir. 2007); *Ptasznik v. St. Joseph Hosp.*, 464 F.3d 691, 696 (7th Cir. 2006); *Whittaker v. Northern Ill. Univ.*, 424 F.3d 640, 647 (7th Cir. 2005); *Ballance v. City of Springfield*, 424 F.3d 614, 617 (7th Cir. 2005); *Mason v. City of Chicago*, 436 F. Supp. 2d 946, 953 (N.D. Ill. 2006).[2] However, to plead adequately a claim of gender discrimination, Rea must allege rather less. To survive a motion to dismiss under Rule 12(b)(6), a plaintiff in an employment discrimination case need not allege facts corresponding

---

2. Men are, of course, a protected class for purposes of Title VII. *See Harris v. Forklift Sys., Inc.*, 510 U.S. 17, 21 (1993); *Newport News Shipbuilding & Dry Dock Co. v. EEOC*, 462 U.S. 669, 676 (1983).

to each element of a prima facie case of gender discrimination.  *See Swierkiewicz v. Sorema, N.A.*, 534 U.S. 506, 510 (2002) ("The prima facie case [of employment discrimination] . . . is an evidentiary standard, not a pleading requirement.").  "Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief.' Specific facts are not necessary; the statement need only 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"  *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (quoting *Bell Atl. Corp.*, 550 U.S. at 555).  In short, fact-pleading not required in federal court. The United States Court of Appeals for the Seventh Circuit specifically has instructed that "a plaintiff alleging employment discrimination . . . may allege these claims quite generally." *Tamayo v. Blagojevich*, 526 F.3d 1074, 1081 (7th Cir. 2008).  "A complaint need not 'allege all, or *any*, of the facts logically entailed by the claim,' and it certainly need not include evidence." *Id*. (quoting *Bennett v. Schmidt*, 153 F.3d 516, 518 (7th Cir. 1998)) (emphasis in original). "Indeed, '[l]itigants are entitled to discovery before being put to their proof, and treating the allegations of the complaint as a statement of the party's *proof* leads to windy complaints and defeats the function of [Federal Rule of Civil Procedure] Rule 8.'"  *Id*. (quoting *Bennett*, 153 F.3d at 519) (emphasis in original).

In *Tamayo* the Seventh Circuit Court of Appeals proceeded to "reaffirm[ ] the minimal pleading standard for simple claims of race or [gender] discrimination."  526 F.3d at 1084. Under that minimal pleading standard, "in order to prevent dismissal under Rule 12(b)(6), a complaint alleging [employment] discrimination need only aver that the employer instituted a (specified) adverse employment action against the plaintiff on the basis of" the plaintiff's protected status.  *Id*.  "[O]nce a plaintiff alleging illegal discrimination has clarified that it is on the

basis of [the plaintiff's protected status], there is no further information that is both easy to provide and of clear critical importance to the claim." *EEOC v. Concentra Health Servs., Inc.*, 496 F.3d 773, 782 (7th Cir. 2007). In this case Rea alleges that he is male, that IDOC took an adverse employment action against him, namely, terminating him, on account of his gender, and that a similarly-situated female IDOC employee received more favorable treatment than Rea received. Thus, Rea has pled enough facts to state a plausible claim for discriminatory discharge on the basis of his gender. *See Tamayo*, 526 F.3d at 1085-86 (the plaintiff adequately stated a gender discrimination claim sufficient to withstand Rule 12(b)(6) scrutiny where she alleged that she is female, she suffered an adverse employment action, the defendant discriminated against her based on her gender, and similarly-situated male employees were treated more favorably). Consistent with the policies underlying federal "notice-pleading" standards, the allegations of Rea's complaint are sufficient to "provide the defendant[ ] with sufficient notice to begin to investigate and defend against [his] claim." *Id*. at 1085. IDOC's motion to dismiss Rea's Title VII claim for relief will be denied.

To conclude, for all of the foregoing reasons, IDOC's motion to dismiss (Doc. 7) is **DENIED**.

**IT IS SO ORDERED.**

DATED: March 21, 2012

/s/ G. Patrick Murphy
G. PATRICK MURPHY
United States District Judge